Lacombe, Circuit Judge.
It is not necessary to add anything to the remarks which have been made from time to time in the course of the argument, as indicating why it seems to me right in this case to reverse the decision of the board of general appraisers. In so doing I do not understand that I am at all departing from the rule laid down in the Muser Case, (41 Fed. Rep. 877,) I think it was, as to the fact that they sit as experts, and gather testimony from all quarters. In the first place, they have here very plainly indicated by their own expressions on the face of their return that they have reached the conclusion in this case from the evidence which they return here. And it further appears quite plainly from their opinion that to their conclusions they were influenced by a mistaken belief or understanding as to the rules of law as laid down by the supreme court; that is, they seem to consider that these terms in tariff acts may be interpreted according to the technical understanding of them by manufacturers. Now, I know of no such rule. Some words are to be taken in their popular and ordinary signification, as they would be understood by all the world. Failing that, there is the well-known rule, reiterated over and over again, that,, if words have a special meaning in trade and commerce, they are to be given that special meaning when we find them in tariff státutes. I know of no third rule that, because congress frames its statutes after advising with manufacturing experts, words should in some instances be given the technical meaning which the manufacturers give to them.
*945 Again, the board seems to have the understanding that a term used in the tariff act is not susceptible of a trade meaning, unless some one or more articles are bought and sold specifically by that name. In that, again, I think they are in error. I think the contrary is very plainly shown in the case of Pickhardt v. Merritt, 132 U. S. 252, 10 Sup. Ct. Rep. 80, which I referred to before. An article may be bought and sold by the specific name which indicates that precise article, and still a group of such articles may be known to trade and commerce by a commercial term, which includes them in a special group, and which still never appears on the face of an invoice or bill of the goods when the articles are described, because they are always described by the same specific name which refers to the particular article. Inasmuch as it is apparent, to my mind at least, that the conclusion which the board reached in this case was influenced by these views, which seem to me not in accordance with those heretofore expressed and laid down by the supreme court, I shall set their decision aside, and direct that the article be classified as manufactures of wool, etc., under section 392.