### GEORGE LUEDERS & CO. v. UNITED STATES.

(Circuit Court, S. D. New York. June 1, 1905.)

#### No. 3,275.

1. CUSTOMS DUTIES—CLASSIFICATION—ACETIC ACID ANHYDRID.

The term "acetic acid," in paragraph 1, Schedule A, § 1, c. 11, Tariff Act July 24, 1897, 30 Stat. 151 [U. S. Comp. St. 1901, p. 1626], is not limited to the article scientifically known by that name, but is intended as a general commercial designation of a class of articles which are commercially so known, and includes the substance known as "acetic acid anhydrid."

2. SAME—COMMERCIAL DESIGNATION—SPECIFICATION BY GROUP.

While an article may be dealt in by a specific name which indicates it particularly, yet a group of such articles may be known commercially by a term which includes them all.

[Ed. Note.—For cases in point, see vol. 15, Cent. Dig. Customs Duties, §§ 13, 14.

Interpretation of commercial and trade terms in tariff laws, see note to Dennison Mfg. Co. v. United States, 18 C. C. A. 545.]

On Application for Review of a Decision of the Board of United States General Appraisers.

For decision below, see G. A. 5,051, T. D. 23,426, which affirmed the assessment of duty by the collector of customs at the port of New York on merchandise imported by George Lueders & Co.

Hatch, Keener & Clute (J. Stuart Tompkins, of counsel), for the importers.

Charles Duane Baker, Asst. U. S. Atty.

TOWNSEND, Circuit Judge. The merchandise which is the subject of these protests is technically known as "acetic acid anhydrid," and was assessed for duty as a chemical compound under the provisions of paragraph 3 of the act of 1897 (Act July 24, 1897, c. 11, § 1, Schedule A, 30 Stat. 151 [U. S. Comp. St. 1901, p. 1627]). It is claimed by the importers to be properly dutiable as acetic acid under paragraph 1 of said act.

The Board of General Appraisers appears to have been largely influenced in the conclusion reached by the fact that the article in question is not chemically an acetic acid and is not scientifically designated as such. But it seems to be established by the testimony that the general term "acetic acid" is used to cover several varieties, such as acetic acid glacial, acetic acid anhydrous, and acetic acid of

various strengths. Therefore it appears that the term "acetic acid" alone does not sufficiently designate the specific article, and that in order to fill an order for a customer for acetic acid it would be neces-sary to inquire of the customer what particular kind of acetic acid was wanted. In these circumstances it is thought that the well-settled rule laid down in Pickhardt v. Merritt, 132 U. S. 252, 10 Sup. Ct. 80, 33 L. Ed. 353, and followed in Re Herrman (C. C.) 52 Fed. 941, must be applied, namely, that while an article may be bought and sold by a specific name which indicates the particular article, yet a group of such articles may be known to trade and commerce by a commercial term which includes them all in a special group, although each article is described for reference by its own specific name. This article falls within the general commercial designation of acetic acid for the pur-poses of tariff classification, and therefore should be so assessed.

The decision of the Board of General Appraisers is reversed.